IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.                                                                                                    No. 23-CR-1707-JCH

JOHNNY RAMIREZ,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's *Rule 12 Motion to Dismiss Non-ACCA Qualifying Convictions from the Indictment* (Dkt. No. 91). Defendant asks the Court to conclude, as a legal matter, that his Hobbs Act robbery conviction does not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and to dismiss the ACCA allegation from the indictment. The Court has carefully considered the motion, response, reply, and applicable law. While Defendant's position has support in authority from other circuits, the outcome Defendant seeks is precluded by *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015), *superseded by regulation as recognized in United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017). *Castillo*'s reasoning applies in this circuit even after *Ocasio v. United States*, 578 U.S. 282 (2016). Accordingly, following the reasoning set forth in *Castillo*, the Court concludes that in this circuit Hobbs Act robbery qualifies as a violent felony under the ACCA and Defendant's motion should be denied.

    **I.    BACKGROUND**

A federal grand jury returned an indictment against Defendant Johnny Ramirez for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924.

Indictment 1, ECF No. 1. According to the indictment, prior to the time Mr. Ramirez committed the offense charged in this case, he was convicted of the following felonies, which were all committed on occasions different from one another: (1) possession of a controlled substance (heroin), (2) aggravated burglary, (3) residential burglary, and (4) interference with commerce by robbery and violence. *Id.* The latter felony conviction arose from Mr. Ramirez's plea of guilty to a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). *See United States v. Ramirez*, Judgment (Dkt. No. 397) & Plea Agreement 2-4 (Dkt. No. 347), 1:15-cr-205-JCH.

Defendant filed a motion to dismiss the first, second, and fourth prior felony convictions listed in the indictment, asserting they do not qualify as ACCA predicate offenses. Defendant admits that his two prior convictions for residential burglary in violation of N.M.S.A. § 30-16-3(A) qualify as violent felonies under the ACCA.[1]

The United States filed a response (Dkt. No. 97) opposing the motion. As an initial matter, the Government asserts that, regardless of whether the prior convictions are qualifying ACCA predicates, each felony is properly included as an element of the charged felon-in-possession offense and should not be stricken from the indictment. As for which felonies qualify as ACCA predicate offenses, the Government agrees with Mr. Ramirez that his conviction for possession of a controlled substance under N.M.S.A. § 30-31-23(A) and his conviction for aggravated burglary under N.M.S.A. § 30-16-4(B) do *not* constitute ACCA violent felonies. The United States instead argues that Defendant's conviction for Hobbs Act robbery is a violent felony under the ACCA.

---

[1] Mr. Ramirez, however, does not concede that the residential burglary offenses occurred on separate occasions. Determining whether "past offenses occurred on three or more different occasions is a fact-laden task." *Erlinger v. United States*, 602 U.S. 821, 834 (2024). The Supreme Court recently held that, because this factual determination increases the prescribed range of penalties to which a defendant may be exposed, it must be resolved by a unanimous jury beyond a reasonable doubt. *Id.*

In reply, Defendant clarified that he "does not seek to strike his Hobbs Act conviction, or the convictions referenced in his Motion, from the indictment for purposes of establishing the predicate felonies under § 922(g)." Reply 13, Dkt. No. 102. Rather, he seeks to resolve the "legal question of whether his Hobbs Act robbery conviction qualifies as an ACCA predicate[.]" *Id.* Consequently, to the extent Defendant requested in his motion that the Court strike or dismiss some of his prior convictions from the Indictment, the Court will deny the request to strike as moot. To determine the legal question before it, the Court begins with the terms of the ACCA.

## II.   THE ARMED CAREER CRIMINAL ACT

As relevant here, the ACCA mandates that a defendant convicted under 18 U.S.C. § 922(g) (felon in possession of a firearm) receives a fifteen-year minimum term of imprisonment if he has three prior "violent felony" convictions, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year … that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;" (called the "elements clause" or the "force clause"), "or (ii) is burglary, arson, or extortion, …" (the "enumerated clause"). 18 U.S.C. § 924(e)(2)(B). *See also United States v. Turrieta*, 875 F.3d 1340, 1341 (10th Cir. 2017); *United States v. Hatley*, 61 F.4th 536, 538 (7th Cir. 2023). "Whether a prior conviction satisfies the ACCA's violent felony definition is a legal question[.]" *United States v. Titties*, 852 F.3d 1257, 1263 (10th Cir. 2017). The government bears the burden to show a past offense qualifies as an ACCA predicate offense. *Id.* at 1264-65.

For the analysis of the elements clause, courts look only to whether the offense "always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845, 850 (2022). This

3

categorical approach precludes looking into how the defendant actually committed the crime. *Id.* "If some conduct that would be a crime under the statute would not be a violent felony under the ACCA, then any conviction under that statute will not count toward an ACCA enhancement, regardless of whether the conduct that led to the defendant's prior conviction was in fact violent." *Titties*, 852 F.3d at 1265.

Under the enumerated clause, a conviction constitutes an ACCA violent felony "if the elements match the generic form of an enumerated offense[.]" *Turrieta*, 875 F.3d at 1341. This "categorical approach" arose from *Taylor v. United States*, 495 U.S. 575, 600 (1990). *See Turrieta*, 875 F.3d at 1342. In *Taylor*, the Supreme Court set forth an analysis that permits courts to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" when determining whether offenses are violent felonies. 495 U.S. at 600. If the statute underlying the prior conviction has a broader definition than the generic form of the enumerated offense, the conviction would not constitute a violent felony under the enumerated clause of the ACCA. *See Turrieta*, 875 F.3d at 1342. *See also Descamps v. United States*, 570 U.S. 254, 261 (2013) ("if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate"). A mismatch of elements between the generic offense and past offense of conviction saves the defendant from application of an ACCA sentence. *Mathis v. United States*, 579 U.S. 500, 509 (2016).

### III.   ANALYSIS

The relevant portions of § 1951 of the Hobbs Act are as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

4

    (b) As used in this section –

        (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person *or property*, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951 (emphasis added).[2]

Defendant argues that Hobbs Act robbery does not constitute a violent felony under the ACCA because it can be accomplished through the use or threatened use of force *against property*, whereas the ACCA defines a "violent felony" as having "an element the use, attempted use, or threatened use of physical force *against the person* of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). According to Mr. Ramirez, because Hobbs Act robbery sweeps more broadly than the ACCA, a conviction under that statute cannot constitute an ACCA predicate offense. In support, Defendant relies on *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), and seven other circuit court cases that have held that Hobbs Act robbery is not a crime of violence within the meaning of § 4B1.2(a)'s force clause in the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Although Defendant acknowledges these cases are not binding, he urges the Court to follow their reasoning, given the similarity in language between § 924(e)(2)(B) (violent felony) and § 4B1.2(a) (crime of violence).

The Government asserts that those cases are not apt precisely because they consider the Guidelines, not the ACCA. It acknowledges that the Tenth Circuit has yet to weigh in on the question, but it urges the Court to follow the reasoning in *United States v. Hatley*, 61 F.4th 536

---

[2] Section 1951(b)(2) defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

(7th Cir. 2023), where the Seventh Circuit concluded that Hobbs Act robbery constitutes an ACCA predicate violent felony offense. According to the Government, the Tenth Circuit's analysis in *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015), indicates it would follow the Seventh Circuit's approach in *Hatley*.

Defendant, in its reply, argues that the Court should not follow *Hatley*'s flawed reasoning, which failed to properly apply the Supreme Court decisions of *Ocasio v. United States*, 578 U.S. 282 (2016), and *Mathis v. United States*, 579 U.S. 500 (2016). Defendant also directs the court to other circuit authority applying a different approach from *Hatley*.

The Court begins its analysis at the Supreme Court with *Ocasio* and *Mathis*. It moves on to circuit authority, first looking at the cases relied upon by the Government, *Hatley* and *Castillo*, and then examining cases from the First, Fourth, Sixth, and Ninth Circuits, which follow a different approach than *Hatley* and *Castillo*. Finally, the Court examines other relevant Tenth Circuit cases to determine which side of the divide it currently falls.

### A. *Mathis* and *Ocasio*

The Supreme Court in *Mathis* emphasized the importance of a statute of conviction having the same, or narrower, elements as the ACCA. 579 U.S. at 504. To make that determination, a court lines up the elements of the prior crime "alongside those of the generic offense and sees if they match." *Id.* at 505.

The same year, the Supreme Court addressed the elements of Hobbs Act extortion in *Ocasio*. 578 U.S. at 297. There, a former police officer involved in a kickback scheme challenged his conviction of obtaining money from shopowners under color of official right in violation of the Hobbs Act, and of conspiring to violate the Hobbs Act. *Id.* at 283-84. The officer, as well as other officers, when responding to an auto accident scene, would persuade car owners to send their

vehicles to a local repair shop, the owners of which would then give payments to the officer for the referral. *Id.* The officer argued his conspiracy conviction was fatally flawed because the conspirators had not agreed to obtain money from a person who was not a member of the conspiracy, rather, they conspired to take money from the shopowners, who were themselves conspirators. *See id.* at 284, 287. The Supreme Court disagreed, concluding that conspiracy law permitted a defendant to be convicted "of conspiring to violate the Hobbs Act based on proof that he entered into a conspiracy that had as its objective the obtaining of property from another conspirator with his consent and under color of official right." *Id.* at 287. As relevant here, the petitioner argued that the Supreme Court's decision would allow the government to turn almost every extortion case into a conspiracy because Hobbs Act extortion requires property to be obtained with consent. *See id.* at 297. In rejecting the argument, the Supreme Court discussed the "consent" element:

> As used in the Hobbs Act, the phrase "with his consent" is designed to distinguish extortion ("obtaining of property from another, *with his consent*," 18 U.S.C. § 1951(b)(2) (emphasis added)) from robbery ("obtaining of personal property from the person or in the presence of another, *against his will*," § 1951(b)(1) (emphasis added)). Thus, **"consent" simply signifies the taking of property under circumstances falling short of robbery**, and such "consent" is quite different from the *mens rea* necessary for a conspiracy.

*Id.* (bold added).

Defendant argues *Ocasio*'s analysis establishes that the "consent" element is meaningful and distinctive, such that the elements of Hobbs Act robbery and extortion do not match. As explained below, the circuits seem split on this argument.

### B. The *Hatley* and *Castillo* decisions

The only case cited by the parties that squarely addresses this issue is the Seventh Circuit's decision in *Hatley*, which held that Hobbs Act robbery constitutes a "violent felony" under the

7

ACCA. *Hatley*, 61 F.4th at 536. Beginning with the elements of Hobbs Act robbery, it noted that the offense can be committed by using force against a person or property, and that all parties agreed that robbery committed by using force against a person fits within the ACCA's force clause. *Id.* at 538. Because Hobbs Act robbery also criminalizes using force against property, which the ACCA's force clause does not cover, the Seventh Circuit turned to the ACCA's enumerated clause, which lists extortion as a violent felony. *Id.* at 538-39. It then looked at Supreme Court law for the elements of generic extortion: "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Id.* at 539 (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 410 (2003)) (internal brackets omitted).

When comparing the generic extortion elements with Hobbs Act robbery's elements, the Seventh Circuit acknowledged that "the definitions of each offense differ." *Id.* Hobbs Act robbery requires taking property from someone "against his will" by means of force to property, whereas generic extortion is taking property from someone "with his consent induced by the wrongful use of force." *Id.* The Seventh Circuit nonetheless concluded that generic extortion encompasses Hobbs Act robbery using force against property because the textual difference was "superficial" and there was no "realistic probability" that a person "could commit a Hobbs Act robbery by using force against property without also committing generic extortion." *Id.* at 540.

In so holding, the Seventh Circuit said the "issue is close" and acknowledged that the Supreme Court in *Ocasio* stated that the element of induced consent was "designed to distinguish" extortion from robbery. *Hatley*, 61 F.4th at 539 (quoting *Ocasio*, 578 U.S. at 297). *Hatley* also noted that both the Sixth and Fourth Circuits followed a different approach in finding a categorical mismatch partly based on the distinction between a nonconsensual taking and taking with wrongfully induced consent. *Id.* at 540 (discussing *Raines v. United States*, 898 F.3d 680 (6th Cir.

8

2018), and *United States v. Gardner,* 823 F.3d 793, 802 n.5 (4th Cir. 2016), *overruled on other grounds by United States v. Dinkins*, 928 F.3d 349, 355-56 (4th Cir. 2019)). Unpersuaded by these cases, the Seventh Circuit explained that neither case "identified an example of a nonconsensual taking that did not involve the victim's induced consent, let alone an example that would apply to Hobbs Act robbery committed using force against property." *Id.* In diverging from the Fourth and Sixth Circuits, it noted its approach was broadly consistent with the Tenth Circuit's decision in *Castillo*. *Id.*

Turning to *Castillo*, decided the year before *Ocasio* and *Mathis*, the Tenth Circuit considered whether the defendant's prior robbery conviction under California Penal Code section 211 was a "crime of violence" under the § 2L1.2 Guidelines sentencing enhancement. *Castillo*, 811 F.3d at 344. Section 2L1.2 defined "crime of violence" using a list of offenses, including "robbery" and "extortion," as well as any other offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 345 (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)). The Tenth Circuit, following the same categorical approach used in ACCA cases, looked to the Section 211 elements: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." *Id.* (quoting Cal. Penal Code § 211). "Fear" was defined in the statute as being accomplished through threat of injury either to a person or property. *Id.* Consequently, like Hobbs Act robbery, section 211 could be violated by threatening injury to a person *or* to property. Acknowledging that the threat of injury to a person satisfied the generic definition of robbery, the defendant argued that threats to property fell outside the generic crime of robbery, and thus section 211 swept too broadly to constitute a crime of violence. *Id.* at 346.

The Tenth Circuit, however, agreed with the government that a violation of section 211 based on threats to property corresponded with the generic crime of extortion – "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Id.* at 346-47 (quoting *Scheidler*, 537 U.S. at 409-10). That generic extortion has the element of consent induced by the wrongful use of force, fear, or threats, whereas section 211 robbery has the element of taking property against the victim's will, did not alter the Tenth Circuit's conclusion. *Id.* at 348. The Tenth Circuit saw "no meaningful difference in this context between a taking of property accomplished against the victim's will and one where the victim's consent is obtained through force or threats," because both crimes require that a defendant's threats induce the victim to give over property that he would not otherwise give. *Id.* The Tenth Circuit also rejected the defendant's argument that all of the criminal conduct contained in the offense of conviction could only correspond to one enumerated crime of violence in § 2L1.2. *Id.* at 347. Finding that limitation too narrow and without support in the text of § 2L1.2, the Tenth Circuit noted that its approach requires consideration only of whether the statute of conviction encompasses several different crimes, and if so, whether all those crimes are crimes of violence. *Id.* at 348-49.

While *Hatley* is directly on point, *Castillo* is not. The question for this Court is whether *Castillo*'s reasoning is binding on this Court as it considers whether Hobbs Act robbery is an ACCA violent felony. Before answering that question, the Court turns to why other circuits have followed a different approach and post-*Castillo* Tenth Circuit law.

    **C.**  **Relevant cases from the First, Fourth, Sixth, and Ninth circuits**

The parties do not cite other circuit authority directly on point as to whether Hobbs Act robbery is an ACCA predicate offense. But, as Defendant argues, the Fourth, Sixth, and Ninth

Circuits, when applying the categorical approach to other predicate offenses, have found that the difference matters between taking property against the victim's will and taking property with the victim's consent induced through force or threats. *Cf. Raines v. United States*, 898 F.3d 680, 683, 688-90 (6th Cir. 2018) (determining that prior conviction for collecting credit by extortionate means in violation of 18 U.S.C. § 894(a)(1) did not constitute ACCA violent felony because offense could be committed by non-violent criminal act causing harm to person's reputation or property, not meeting elements clause, and was not equivalent to generic crime of extortion); *United States v. Gardner*, 823 F.3d 793, 802 n.5 (4th Cir. 2016) (disagreeing that North Carolina common law robbery categorically matches generic extortion); *United States v. Dixon*, 805 F.3d 1193, 1196-98 (9th Cir. 2015) (concluding that California robbery conviction under section 211 was not ACCA violent felony).

*Raines* involved a prior conviction under 18 U.S.C. § 894(a)(1) – knowingly participating or conspiring to use any extortionate means to collect or attempt to collect any extension of credit. *Raines*, 898 F.3d at 688. Extortionate means was defined as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person*, reputation, or property* of any person." *Id.* (quoting 18 U.S.C. § 891(7) (emphasis added)). After first concluding that the statute did not fall within the ACCA's elements clause because it could be violated by a non-violent criminal act causing harm to reputation or property, the Sixth Circuit determined that § 894(a)(1) encompassed non-consensual takings and, thus, criminalized a broader swath of conduct than generic extortion. *Id.* at 689. The Sixth Circuit expressly concluded that *Castillo* was incorrectly decided:

> *Castillo* [does] not properly apply the categorical approach described in *Mathis*, but we must. The difference between a taking against a victim's will and a taking with the victim's consent may not be a "meaningful one" in the Tenth Circuit's view, but a difference nevertheless exists that suffices under the Supreme Court's teachings

11

> on how we must interpret the ACCA. Under the categorical approach, "if the crime of conviction covers any more conduct than the generic offense, then it is not [an enumerated offense]." *Mathis*, 136 S.Ct. at 2248. Here, the generic definition of extortion requires a victim's induced consent. Section 894(a)(1) does not. Section 894(a)(1) therefore does not qualify as a generic extortion offense under the categorical approach.

*Raines*, 898 F.3d at 689-90.

In *Gardner*, the Fourth Circuit held that North Carolina common law robbery, which is the felonious, non-consensual taking of property from the person or presence of another by means of violence or fear, is not categorically an ACCA violent felony. *See* 823 F.3d at 797, 802. As relevant here, the Fourth Circuit noted:

> North Carolina common law robbery involves the *non-consensual* taking of money or property from another, while the generic crime of extortion is defined as "obtaining something of value from another *with his consent* induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003) (citation omitted); *see also* 18 U.S.C. § 1951(b)(2) (defining Hobbs Act extortion). The element of consent "is the razor's edge that distinguishes extortion from robbery." *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir.2005). Notably, both North Carolina and the federal government have codified extortion as a crime distinct from robbery. *See* N.C. Gen. Stat. § 14–118.4 (2015); 18 U.S.C. § 1951(b)(1), (2).

*Id.* at 802 n.5.

Turning to *Dixon*, the Ninth Circuit concluded that some violations of California Penal Code § 211 would not satisfy the ACCA's elements clause in part because the state statute encompasses the accidental use of force. *Dixon*, 805 F.3d at 1197. It also explained that, because § 211 covers non-consensual takings, it failed the definition of generic extortion, which requires the taking of the property to be consensual. *See id.* at 1196-97.

More recently, the First Circuit expressly diverged from the reasoning of the Seventh Circuit in *Hatley* and the Tenth Circuit in *Castillo*, finding that the line between induced consent and a taking against someone's will is not meaningless. *Rodríguez-Méndez v. United States*, 134

F.4th 1, 11 (1st Cir. 2025). In *Rodríguez-Méndez*, the First Circuit considered whether motor vehicle robbery in violation of Article 173B of the Puerto Rico penal code was an ACCA violent felony. *See id.* at 3-4. Article 173B prohibits carjacking against the victim's will through the use of violence or intimidation. *See id.* at 8-9. Because Puerto Rico law defined intimidation to include threats against property, the First Circuit concluded that the law swept more broadly than the force clause. *See id.* at 9. It also rejected the government's argument that carjacking arising from threats to property constituted the generic crime of extortion. *See id.* at 10-11. Relying partially on *Ocasio*, the First Circuit explained that "extortion's essential feature that differentiates it from robbery 'is [ ] that the victim retained some degree of choice in whether to comply with the extortionate threat, [no matter how] much of a Hobson's choice that may [have been].'" *Id.* at 10 (quoting *United States v. Muñoz-Martínez*, 79 F.4th 44, 53 (1st Cir. 2023)). The First Circuit reasoned that, although a victim could be forced to consent through intimidation toward property, "a victim could choose to resist and thus the perpetrator would have appropriated the vehicle without the victim's consent." *Id.* at 10-11. Because it found that not all ways of violating Article 173B constitute generic extortion, it concluded the statute does not constitute an ACCA predicate under the enumerated clause. *Id.* at 10-11.

### D. Post-*Castillo* Tenth Circuit case law

Defendant additionally argues that the Tenth Circuit's decision in *United States v. O'Connor*, 874 F.3d 1147 (2017), indicates it would rule that Hobbs Act robbery sweeps more broadly than the ACCA definition. In *O'Connor*, the Tenth Circuit examined whether Hobbs Act robbery constitutes a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(2). *Id.* at 1149-50. Defendant rightly points out that, because of the similarity between the ACCA "violent felony" and the Guidelines "crime of violence" definitions, the Tenth Circuit often applies the

13

reasoning of § 4B1.1(2)(a) cases to ACCA cases. *See*, *e.g.*, *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008). Like the ACCA, § 4B1.2(a)(2) contains an enumerated offense clause and an elements clause. *O'Connor*, 874 F.3d at 1150. The elements clause of § 4B1.2(a)(1) is identical to the ACCA's elements clause. *Compare* U.S.S.G. § 4B1.2(a)(1), *with* 18 U.S.C. § 924(e)(2)(B). Section 4B1.2(a)(2), however, contains more listed offenses than the ACCA, to include robbery and extortion. *Compare* U.S.S.G. § 4B1.2(a)(2), *with* 18 U.S.C. § 924(e)(2)(B).

The government in *O'Connor* contended that Hobbs Act robbery fit categorically within two different offenses – robbery and extortion. *Id.* at 1150. New guidelines, however, had come into effect post-*Castillo* that defined extortion more narrowly, so the Tenth Circuit looked to the Guidelines' definition, rather than the generic one. *See id.* at 1150, 1152, 1154 n.11. The Guidelines defined "extortion" as "obtaining something of value from another by the wrongful use of (i) force, (ii) fear of physical injury, or (iii) threat of physical injury." *Id.* at 1150 (quoting U.S.S.G. Supp. to App. C, Amend. 798 at 131 (Nov. 1, 2016)). The Sentencing Commission explained that the amendment narrowed extortion to offenses having an element of force or threats of physical injury, as opposed to non-violent threats such as injury to reputation. *Id.* at 1156 & n.16. After determining that Hobbs Act robbery (which includes threats to property) does not categorically fall within generic robbery (which does not include threats to property), the Tenth Circuit turned to the elements of Guidelines extortion. *Id.* at 1154-55. It found the new extortion definition's phrase "physical injury" ambiguous as to whether it included threats to property. *Id.* at 1156-57. On the one hand, it reasoned that "physical injury" generally means "bodily injury," but it found the opposite conclusion reasonable too, because the Commission was silent as to whether the definition covered injury to property and states originally enacted extortion statutes to fill the gaps left by robbery statutes to cover threats to destroy a victim's property. *See id.* at 1157.

14

But, applying the rule of lenity, the Tenth Circuit ruled that the Guidelines extortion definition excluded threats to property, and thus Hobbs Act robbery does not categorically qualify as a crime of violence under the enumerated offense clause of the Guidelines. *Id.* at 1158.

Although the Guidelines amendment changed the viability of *Castillo* as to which extortion definition to apply when conducting a categorical approach *under the Guidelines*, nothing in *O'Connor* suggests that the Tenth Circuit would not follow the approach in *Castillo* in future cases applying the generic extortion definition. *See O'Connor*, 874 F.3d at 1152, 1154 & n.7, 11, 13 (discussing and distinguishing *Castillo*, but not overturning its approach). The Court agrees with the Government that, because *O'Connor* construed a narrower extortion definition than generic extortion, the case is of limited utility when construing the ACCA.

Significantly, in an unpublished decision filed after *Mathis* and *O'Connor*, a Tenth Circuit panel discussed the continuing viability of the analytical approach in *Castillo*. *See United States v. Duran*, 754 F. App'x 739, 742-47 (10th Cir. Nov. 2, 2018).[3] In *Duran*, the petitioner argued that his prior Oklahoma robbery-by-fear convictions, which could be committed via fear of injury to a person or fear of injury to property, did not constitute ACCA violent felonies. *Id.* at 740-41.[4] Disagreeing, and relying on *Castillo*, the district court concluded that robbery by fear of injury to a person satisfied the ACCA's elements clause while robbery by fear of injury to property corresponded to the enumerated offense of extortion. *Id.* at 741-42. On appeal, the petitioner argued that the court impermissibly divided robbery by fear into two separate offenses and then improperly classified each offense as a violent felony under a separate ACCA clause. *Id.* at 742.

---

[3] A court may rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* CTA10 Rule 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

[4] Oklahoma's robbery-by-fear statute is structured similarly to California's robbery statute at issue in *Castillo*: "Okla. Stat. Ann. tit. 21, § 791 (defining robbery, in relevant part, as 'a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of ... fear'), *id.* § 794 (defining requisite fear to include both fear of injury to person and fear of injury to property)." *Duran*, 754 F. App'x at 740.

Rejecting this contention, the Tenth Circuit explained that the ACCA's use of "or" to separate the elements and enumerated clauses shows that Congress intended "to express that an offense constitutes a violent felony so long as it (1) satisfies the ACCA's elements clause *or* (2) satisfies the ACCA's enumerated-offenses clause *or* (3) satisfies both the ACCA's elements clause *and* its enumerated-offenses clause." *Id.* at 744-45. It upheld the district court's division of the offense of conviction into two separate crimes and application of a different ACCA clause to each, because the approach focused solely on the elements of the offense and asked whether any conduct that would be a crime under the statute would not be a violent felony under the ACCA. *Id.* at 745. The *Duran* court then looked at whether robbery by fear of injury to property is the same as generic extortion. *Id.*

In its analysis, the Tenth Circuit recognized that the consent of the victim, while an element of generic extortion, is not an element of robbery by fear. *Id.* at 746. It also agreed with the petitioner that consent "is precisely what distinguishes robbery from extortion under Oklahoma law." *Id.* n.5. The *Duran* court nevertheless disagreed with the petitioner's argument that robbery by fear of injury to property covers a broader swath of conduct than generic extortion, finding the argument foreclosed by *Castillo*:

> There, the defendant asserted that California robbery by fear of injury to property doesn't correspond with generic extortion because the former "requires a taking of property against the victim's will, whereas" the latter "requires a taking 'with [the victim's] consent.'" We rejected that argument, stating, "We see no meaningful difference in this context between a taking of property accomplished against the victim's will and one where the victim's consent is obtained through force or threats." Critically, we were unable to discern any such "meaningful difference" despite the fact that California—like Oklahoma—treats the victim's consent as the distinguishing characteristic between robbery and extortion.

*Id.* at 746. The *Duran* court concluded that it remained "bound by *Castillo*" to reject this consent argument and held that "robbery by fear of injury to property categorically corresponds to generic extortion and thus satisfies the enumerated-offenses clause." *Id.* at 747.[5]

### E.  Based on Tenth Circuit law, Hobbs Act robbery is an ACCA violent felony

Hobbs Act robbery can be committed by using force or threats of force to a person or by using force or threats of force against property. *See* 18 U.S.C. § 1951(b)(1). Hobbs Act robbery committed by using force against a person satisfies the elements clause of the ACCA because it "has an element the use, attempted use, or threatened use of physical force against the person of another." *Compare* 18 U.S.C. § 1951(b)(1), *with* 18 U.S.C. § 924(e)(2)(B)(i); *see also Duran*, 754 F. App'x at 742-45.

Based on the reasoning of *Castillo* and *Duran*, the Court concludes that in this circuit Hobbs Act robbery committed by using force or threats of force against property is encompassed by generic extortion in the ACCA's enumerated-offense clause. Because that approach focuses on elements, not facts, it does not run afoul of *Mathis*. As *Duran* explained, the Tenth Circuit in *Castillo* decided there was no meaningful difference between taking property by consent induced by force or threats to property and taking property against a person's will using force or threats to property. It essentially concluded in both *Castillo* and *Duran* that those elements matched. It held this despite that California and Oklahoma treat the victim's consent as the distinguishing characteristic between robbery and extortion. Accordingly, that the Supreme Court in *Ocasio*

---

[5] The United States relies on another Tenth Circuit case decided after *Castillo*, *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), arguing it provides a clean, analogous route for the Court's decision. At issue in *Melgar-Cabrera* was whether Hobbs Act robbery constituted a crime of violence under 18 U.S.C. § 924(c)(3). *Id.* at 1060. Unlike the ACCA, § 924(c)(3)'s elements clause defines a "crime of violence" as "has as an element the use, attempted use, or threatened use of physical force against the person *or property of another*." *Id.* (quoting 18 U.S.C. § 924(c)(3)) (italics added). The Court agrees with Defendant that, because § 924(c)(3)'s elements clause includes force against property, and the ACCA's elements clause does not, the reasoning in *Melgar-Cabrera* offers little insight into whether Hobbs Act robbery is a "violent felony" under the ACCA.

likewise said that the victim's consent is the distinguishing feature between Hobbs Act robbery and Hobbs Act extortion is not enough to demonstrate that the Tenth Circuit would alter its reasoning that there is no "meaningful difference" between those elements in this context.

The First, Fourth, Sixth, and Ninth Circuits follow a different approach. The First and Sixth Circuits expressly stated that they were not in accord with the Tenth Circuit's decision in *Castillo*, confirming this Court's view that the Tenth Circuit's approach in *Castillo* remains in effect in this circuit. As the Tenth Circuit stated in *Duran*, this Court remains bound by *Castillo*, and it cannot forge a different path based on other circuit authority. Unlike the First, Fourth, Sixth, and Ninth Circuits, the Tenth Circuit (like the Seventh Circuit), when comparing the elements of taking property by consent induced by force or threats to property and taking property against the victim's will using force or threats to property, concludes that they are equivalent for all practical purposes. It is for the Tenth Circuit, not this Court, to reconsider the wisdom of that analysis.

As for Defendant's arguments concerning why *Hatley* was wrongly decided, this Court bases its decision on the Tenth Circuit's reasoning in *Castillo* and *Duran*, not *Hatley*. Nevertheless, the Court will address Defendant's arguments to the extent they implicate the Tenth Circuit's reasoning. Defendant first argues that *Hatley* was wrong in dividing Hobbs Act robbery into two separate crimes. However, like the Seventh Circuit, the Tenth Circuit has approved the approach that allows a court to examine separately whether robbery by force against a person and robbery by force against property satisfy one or more enumerated offenses or one or one or more ACCA clauses. *See Duran*, 754 F. App'x at 744-45 (explaining why "district court permissibly divided the offense into two separate crimes and applied a different ACCA clause to each"); *Castillo*, 811 F.3d at 347 ("the plain language [of § 2L1.2] does not limit the comparison of the crime of conviction to only one of the enumerated crimes of violence"). Defendant also argues that *Hatley*

impermissibly found the textual difference "superficial" and improperly applied the "realistic probability" test, a test the Tenth Circuit refused to apply in *O'Connor*. Indeed, the Tenth Circuit in *O'Connor* gave reasons to doubt the application of the realistic probability test. *See O'Connor*, 874 F.3d at 1154 (noting that *Mathis* Court did not apply or mention realistic probability test, instead looking at the disparity in plain language of statute and ACCA, rather than requiring instances of actual prosecutions for the means that did not satisfy ACCA). *Castillo* discussed the "realistic probability" test at the end of the opinion in rejecting the defendant's attempt to set forth hypothetical crimes that would be punishable under section 211 but not generic extortion. *See Castillo*, 811 F.3d at 349. But the Tenth Circuit's "no meaningful difference" conclusion did not arise from an analysis of the "realistic probability" test. *See id.* at 348. Instead, it found the different expressions (taking property against the victim's will versus taking property with the victim's consent induced by force, fear, or threats) equivalent because both crimes require the defendant's threats to induce the victim to give up his property. *Id.* This conclusion was based on its interpretation of the elements. Even after *O'Connor*, *Castillo*'s reasoning continues to bind the Court.

Finally, Defendant argues that, to the extent the Court finds an ambiguity exists, it should apply the rule of lenity. Neither *Castillo* nor *Duran* found an ambiguity when examining similar statutory terms. Neither does the Court. Accordingly, the rule of lenity is not applicable.

## IV.    CONCLUSION

Following the reasoning of *Castillo* and *Duran*, this Court concludes that, in this circuit, Hobbs Act robbery is a "violent felony" under the ACCA because robbery committed using force against a person satisfies the elements clause and robbery committed using force against property constitutes generic extortion in the enumerated clause.

**IT IS THEREFORE ORDERED** that Defendant's *Rule 12 Motion to Dismiss Non-ACCA Qualifying Convictions from the Indictment* (**Dkt. No. 91**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**